**Silvan NERHATI, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4907.

United States Court of Appeals, Second Circuit.

Feb. 22, 2005.

Silvan Nerhati, Bloomfield Hills, Michigan, for Petitioner.

Rudolph A. Filko, Assistant United States Attorney for the District of New Jersey (Christopher J. Christie, United States Attorney, District of New Jersey), Newark, New Jersey, for Respondent.

Present: SOTOMAYOR, KATZMANN, Circuit Judges, and CEDARBAUM, District Judge.*

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Silvan Nerhati petitions for review of a November 21, 2002 decision of the BIA, dismissing his appeal of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the background of this case and its procedural context.

We review the factual findings of the immigration court under the "substantial evidence" standard, granting considerable deference to the agency's findings. *Wu Biao Chen v. I.N.S.*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Substantial evidence supports the IJ's finding that Nerhati failed to establish that he had suffered past persecution or had a well-founded

* The Honorable Miriam Goldman Cedarbaum, United States District Court for the Southern District of New York, sitting by designation.

fear of future persecution on account of his religious beliefs, political opinion, or membership in a particular social group. First, Nerhati testified that school officials had beaten him for wearing a cross to school. Assuming without deciding that these acts constituted persecution on account of religion, Nerhati nevertheless cannot obtain relief on account of religious persecution. We have stated that "[a] showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution, which is overcome only if a preponderance of the evidence establishes that a change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear is no longer well-founded." *Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003) (citation and internal quotation marks omitted). A well-founded fear of persecution has a subjective and an objective component. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.2002). Nerhati testified that he continued to practice Catholicism after the beatings and that there have been two changes in government since he left Albania. In light of this evidence about objective conditions concerning the treatment of Catholics in Albania, Nerhati has failed to establish that his fear of future persecution on account of religion is well founded. *See Melgar de Torres v. Reno*, 191 F.3d 307, 311 (2d Cir.1999) (noting that the objective component of the well-founded fear of persecution must be satisfied by "proof or objective facts that lend support to the applicant's subjective fear" (internal quotation marks omitted)).

Second, Nerharti testified that, at some point in the past, Communists had fired shots at Catholic houses, including his own, and Catholic churches. Given that Nerhati has admitted that there have been regime changes since he left Albania, he has not adduced objective proof that he will face persecution by the Communists upon his return to the country. *Cf. Melgar de Torres*, 191 F.3d at 311. Moreover, he has not established that the shooting was "on account of" his Catholic religious beliefs. *Cf. I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (finding that petitioner failed to show that his persecution by guerrillas was "on account of" political opinion as opposed to on account of his refusal to fight with them and, therefore, could not be granted asylum on this ground).

■ Third, Nerhati did not establish membership in a particular social group. Nerhati's alleged social group arguably consists of those persons who opposed the various governmental regimes in 1991 and 1994 by participating in public protests against these administrations. Nerhati has offered no evidence of common traits of this social group, however, other than the shared characteristic of generalized opposition to the Albanian government, much less shown that these individuals form a "collection of people closely affiliated with each other" whose "recognizable and discrete" traits persecutors could readily identify. *Gomez v. I.N.S.*, 947 F.2d 660, 664 (2d Cir.1991) (citation and internal quotation marks omitted). Nerhati admitted that the 1991 and 1994 demonstrations involved approximately 60,000 and 2,200 protestors, respectively, and that it is likely that governmental authorities would not recognize him as one of the participants in either of these gatherings. Such a loosely-knit designation of "social group" is an insufficient basis for an asylum claim. *Cf. Saleh v. United States Dep't of Justice*, 962 F.2d 234, 240 (2d Cir.1992) (finding that petitioner failed to establish "membership in a statutory 'particular social group'" because the purported social group did not possess "recognizable and discrete attributes" but only "broadly-based characteristics" insufficient to comprise a social group

(citation omitted)); *Gomez,* 947 F.2d at 663–64 (holding that "women who have been previously battered and raped by Salvadoran guerillas" did not constitute "particular social group" within meaning of 8 U.S.C. § 1101(a)(42)).

■ Fourth, Nerhati has failed to show that any past harm or injuries he had suffered occurred on account of his political opinion or that the government specifically targeted him on account of his opposition to its policies. Nerhati testified that a general climate of violence in Albania and a "breakdown" of law and order existed at the time of the events at issue, such that the government cannot be identified with certainty as the perpetrator of the abuses Nerhati allegedly suffered.

■ Fifth, Nerhati's claim that he subjectively fears returning to Albania because he would face persecution for having deserted the military by refusing to attack political protestors is not a tenable basis for an asylum claim. The BIA has held that a government has a right to require military service of its citizens and that such a requirement does not constitute persecution, absent a showing that, *inter alia,* a disproportionately severe punishment would await the deserter on account of one of the five statutorily enumerated grounds. *See Matter of A–G–,* 19 I & N Dec. 502, 506–07 (BIA 1987). Nerhati has made no such showing.

Finally, Nerhati cannot prevail on his claim for relief under the CAT. A claim for relief under the CAT requires the applicant to establish objective evidence that he or she is likely to be tortured in the future. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004). Once an applicant establishes that " 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal,' " *id.* at 184 (quoting 8 C.F.R. § 208.16(c)(2)), the government cannot re-move the applicant to that country. Nerhati has not offered sufficient objective evidence to satisfy this standard.

For the foregoing reasons, the petition for review is DENIED.